UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
SHAWN EDWARD LAWRENCE,

                    Plaintiff,

        -against-

SUFFOLK COUNTY POLICE DEPARTMENT,
DETECTIVES JOHN DOES, SUFFOLK
COUNTY 1ST PRECINCT, SHERIFF
VINCENT DEMARCO,

                    Defendants.
------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  [JUN 28 2013  ★

LONG ISLAND OFFICE

MEMORANDUM & ORDER
13-CV-2357(JS)(WDW)

APPEARANCES
For Plaintiff:        Shawn Edward Lawrence, pro se
                      183153
                      Suffolk County Correctional Facility
                      110 Center Drive
                      Riverhead, NY 11901

For Defendants:       No Appearance

SEYBERT, District Judge:

        On April 16, 2013, incarcerated pro se Plaintiff Shawn

Edward Lawrence ("Plaintiff") filed a pro se Complaint[1] in this

Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the

Suffolk County Police Department ("Suffolk County Police"),

Detectives John Does, Suffolk County 1ST Precinct ("1ST Precinct"),

---

[1] On May 21, 2013 the Court received a document from Plaintiff
bearing the docket number 13-CV-2357 and titled "Amended
Complaint" ("Proposed Amended Complaint"). The Proposed Amended
Complaint, however, was not signed by the plaintiff, and thus
cannot be filed because it is procedurally defective. FED. R.
CIV. P. 11(a).
Enclosed herewith, the Court returns Plaintiff's Proposed Amended
Complaint. Plaintiff should review this Order and then file a
signed Amended Complaint in accordance with this Order. The
Court takes no view as to whether the Proposed Amended Complaint
satisfies the deficiencies in Plaintiff's Complaint identified
herein.

and Sheriff Vincent DeMarco ("Sheriff DeMarco") (collectively, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED IN PART.

## BACKGROUND

All allegations in the Plaintiff's Complaint are assumed to be true for the purposes of this Memorandum and Order. See, e.g., Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., No. 11-CV-4923, 2013 WL 1285880, at *1 (2d Cir. Apr. 1, 2013) (in reviewing a pro se case for sua sponte dismissal, a court should assume that all allegations contained in the complaint are true (internal citations omitted)).

Plaintiff submitted a brief, handwritten Complaint on the Court's Section 1983 complaint form, which states as follows. On an unspecified date in 2011, Plaintiff was arrested for a misdemeanor. (Compl. ¶ IV.) After appearing in court for about four months, he posted bond. (Id.) At that time, however, the 1ST Precinct had a "hold" against him, so he was subsequently

2

"rearrested" by "Detectives" for assaulting Sean O'Berry. (Id.)
He was held at the 1ST Precinct on Route 109 in Babylon, New York
for approximately three days, at the conclusion of which he was
arraigned. (Id.) At arraignment, Plaintiff requested a felony
complaint hearing and the opportunity to testify before the grand
jury. (Id.) Thereafter, he was sent to the Suffolk County Jail
for five or six days. (Id.) On the day of his scheduled grand
jury appearance, he was not brought before the grand jury; rather,
he was released from custody and was told to return to court in six
months. (Id.) The case against him was later dismissed. (Id.)

As a result, Plaintiff claims that he was deprived of his
constitutional rights, including liberty and property, and that he
was held at the Suffolk County Correctional Facility in unsanitary
conditions of confinement. (Id. ¶ IV.A.) He claims to have
suffered emotional distress, anxiety and high blood pressure.
(Id.) He also claims that he lost his employment and wages. (Id.)
Plaintiff seeks to recover compensatory and punitive damages in the
total sum of 50 million dollars ($50,000,000.00). (Id. ¶ V.)

## DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his
application to proceed in forma pauperis, the Court determines that
Plaintiff's financial status qualifies him to commence this action
without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1).

Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

## II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). As stated earlier, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel, 621 F.3d at 123. However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has

4

acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch &

Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed

factual allegations" are not required, "[a] pleading that offers

'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do.'" Iqbal, at 678 (quoting

Twombly, 550 U.S. at 555).

III.  Section 1983

Section 1983 provides that

[e]very person who, under color of any
statute, ordinance, regulation, custom, or
usage, of any State . . . subjects, or causes
to be subjected, any citizen of the United
States . . . to the deprivation of any rights,
privileges, or immunities secured by the
Constitution and laws, shall be liable to the
party injured.

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S.

Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim

under Section 1983, a plaintiff must "'allege that (1) the

challenged conduct was attributable at least in part to a person

who was acting under color of state law and (2) the conduct

deprived the plaintiff of a right guaranteed under the Constitution

of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d

217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53

(2d Cir. 1999)).

In addition, in order to state a claim for relief under

Section 1983 against an individual defendant, a plaintiff must

allege the personal involvement of the defendant in the alleged

5

constitutional deprivation. <u>Farid v. Elle</u>, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in <u>Iqbal</u>, 556 U.S. at 676, that "[b]ecause vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. <u>Rivera v. Fischer</u>, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. <u>See Johnson v. Barney</u>, 360 F. App'x 199 (2d Cir. 2010). With these standards in mind, the Court considers Plaintiff's claims.

A.   <u>Suffolk County Police Department and the Suffolk County 1ST Precinct</u>

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). Thus, Plaintiff's claims against the Suffolk County Police Department and the Suffolk County 1ST Precinct are not plausible because they have no legal identity separate and apart from Suffolk County and are thus dismissed with prejudice. <u>Lukes v. Nassau</u>

6

Cnty. Jail, No. 12-CV-1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County."); Melendez v. Nassau County, No. 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued).

Even liberally construing the Complaint to assert claims against Suffolk County, Plaintiff's claims must fail. In order to state a plausible claim against a municipality, Plaintiff must allege that the unconstitutional actions "were taken pursuant to an official policy or custom." White v. St. Joseph's Hosp., 369 F. App'x 225, 266 (2d Cir. 2010). Plaintiff fails to allege the existence of any formal policy, practice, or custom of Suffolk County which caused his alleged constitutional deprivations. Accordingly, Plaintiff has failed to state a claim against Suffolk County.

B.    Sheriff Vincent DeMarco

Although Plaintiff names Sheriff DeMarco as a Defendant, there are no factual allegations concerning him; nor is he mentioned in the body of the Complaint. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F.

7

App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995))).

Given that Sheriff DeMarco is the Suffolk County Sheriff, it appears Plaintiff seeks to hold this Defendant liable solely because of the supervisory position he holds. As explained earlier, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. Warren, 476 F. Supp. 2d at 413. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera, 655 F. Supp. 2d at 237. A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Defendant DeMarco, much less any facts from which the Court could liberally construe that Defendant DeMarco was responsible for the deprivation of Plaintiff's constitutional rights. Accordingly, the Section 1983 claim asserted against Sheriff DeMarco is not

8

plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

C.    Detectives John Does

Affording the pro se Complaint a liberal construction, Plaintiff's Section 1983 claims for false arrest and malicious prosecution against the John Doe Defendants shall proceed.  Though thin, the Court declines to sua sponte dismiss these claims at this early stage in the proceeding.  See McEachin, 357 F.3d at 200 ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'" (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982))); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact.  Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer." (citations and internal quotations omitted)).

D.    Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires."  Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or

9

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of NY, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008). "[W]hen addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).

Plaintiff's complaint is DISMISSED with prejudice as to Sheriff Vincent DeMarco unless he files an Amended Complaint against Sheriff DeMarco in accordance with this order within 30 days from the date this order is served upon Plaintiff. The Amended Complaint must be titled "Amended Complaint" and bear the same docket number as this order, No. 13-2357(JS)(WDW). Plaintiff's Amended Complaint will supercede his original Complaint. Therefore all claims and allegations plaintiff wishes to pursue should be included in his Amended Complaint.

In his Amended Complaint, Plaintiff should also include, to the best of his ability, any additional identifying information

10

he has regarding his arrest and the identities of the Detectives John Does, such that their full identity may be later ascertained. Plaintiff is not to name the Suffolk County Police Department or the Suffolk County 1ST Precinct as defendants in his Amended Complaint as they are administrative arms of the municipality, cannot be sued, and, as explained above, are dismissed with prejudice. Davis, 224 F. Supp. 2d at 477.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED. The Complaint is sua sponte DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2) as against the Suffolk County Police Department and the Suffolk County 1ST Precinct. The Complaint is also sua sponte DISMISSED against Defendant Sheriff DeMarco **unless Plaintiff files an Amended Complaint in accordance with this Order. Plaintiff's Amended Complaint must be filed within thirty (30) days from the date of this Order.**

Plaintiff's claims for malicious prosecution and false arrest against Detectives John Does shall proceed. **In his Amended Complaint, Plaintiff should, to the best of his ability, identify the date and location of his arrest, and give any identifying information he may have about the detectives who arrested him.**

No summonses will be issued at this time. Rather, **this**

11

**case will be stayed for thirty (30) days** so as to allow the Plaintiff to amend his Complaint.

The Clerk of Court is directed to mail a copy of this Order to the <u>pro</u> <u>se</u> Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose of any appeal. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail Plaintiff a copy of this Order, and to enclose Plaintiff's Proposed Amended Complaint therewith.

SO ORDERED.

Joanna Seybert, U.S.D.J.

Dated: June 28, 2013
      Central Islip, New York