```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAWN EDWARD LAWRENCE,

                Plaintiff,
                                    MEMORANDUM & ORDER
        -against-                   13-CV-2357(JS)(WDW)

SHERIFF VINCENT DEMARCO;
WILLIAM E. KING, Det. 1260;
and SUFFOLK COUNTY,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Shawn Edward Lawrence, pro se
                    183153
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     No appearances.
```

SEYBERT, District Judge:

By Order dated June 28, 2013, the Court granted the application of pro se Plaintiff Shawn Edward Lawrence ("Plaintiff") to proceed in forma pauperis and dismissed the Complaint without prejudice and with leave to amend. In accordance with the Court's Order, Plaintiff filed an Amended Complaint on July 15, 2013, against Sheriff Vincent DeMarco ("DeMarco"), William E. King, Detective 1260 ("Det. King"), and Suffolk County (collectively, "Defendants"). The Court now considers whether the Amended Complaint has rectified the previously identified deficiencies.

BACKGROUND[1]

Plaintiff's Amended Complaint states that on September 8, 2011, he was falsely arrested by Det. King for an alleged assault with intent to cause serious physical injury pursuant to New York Penal Law § 120.05(1). (Am. Compl. ¶ IV.) Upon arrest, Plaintiff was taken to the 1st Precinct of Suffolk County ("1st Precinct"), where he was held for two days. (Id.) Plaintiff asked why he was arrested, but he did not receive an answer. (Id. at 1.) As a result of Plaintiff's anxiety, which was caused by being held at the 1st Precinct for two days, Plaintiff experienced chest pains and headaches, and was taken to Good Samaritan Hospital for treatment. (Id. at 4-5.) Plaintiff later returned to the 1st Precinct where he remained for a third day and was arraigned. (Id. at 5-6.) At arraignment, Plaintiff requested a felony hearing and the opportunity to testify before the grand jury. (Id. at 6.) Thereafter, he was sent to the Suffolk County Jail for five to six days where he was housed in "deplorable" conditions of confinement. (Id.) Plaintiff was released from the Suffolk County Jail and the case against him was dismissed on July 18, 2012. (Id. At 7.)

As a result, Plaintiff claims that he was deprived of his Fourth, Eighth, and Fourteenth Amendment rights, including liberty and property, and that he was held at the Suffolk County

---

[1] All allegations in the Plaintiff's Amended Complaint are presumed to be true for the purpose of this Memorandum and Order.

2

Correctional Facility in unsanitary conditions of confinement. (Compl. ¶ IV.A.)  He claims to have suffered "emotional distress, anxiety, high blood pressure, acid reflux, stomach infection, [and] psychological distress." (Id.)  He also claims loss of employment and wages.  (Id.)

Plaintiff seeks damages solely for "the unlawful illegal arrest, [and] malicious prosecution."  (Id. ¶ V.)  He seeks to recover a sum of 1.1 million dollars ($1,100,000.00) comprised of two hundred thousand dollars ($200,000.00) each in monetary damages, punitive damages, and "constitutional injury," and five hundred thousand dollars ($500,000.00) in compensatory damages. (Id.)

## DISCUSSION

I.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197,

200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173. L.Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

II.   Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the

4

challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).  Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

Here, Plaintiff alleges that he was unlawfully arrested and maliciously prosecuted.  In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  See Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).  The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  556 U.S. at 676.  Thus, a plaintiff "asserting a Section 1983 claim against a supervisory official in his individual capacity must allege that the supervisor was personally involved in the allege constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009)

5

(citations omitted).  A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law.  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).  With these standards in mind, the Court considers Plaintiff's claims against the Defendants.

    A.    Suffolk County

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).  To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury."  Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)), cert. denied, --- U.S. ----, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012); see also Monell, 436 U.S. at 690-91.  "[L]ocal governments . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  Monell, 436 U.S. at 690-691 (citations omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal

policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (quotations and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'" (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court

7

could reasonably construe a plausible Section 1983 cause of action against Suffolk County. Accordingly, Plaintiff's Section 1983 claims against Suffolk County are DISMISSED WITHOUT PREJUDICE.

B.  Claims Against Sheriff Vincent DeMarco

Although Plaintiff names DeMarco as a defendant, the only claim against DeMarco in the Amended Complaint is that DeMarco, in his official capacity, "illegally detained" Plaintiff when he was sent to the Suffolk County Jail. (Am. Compl. at 6.) Plaintiff seeks no relief for the allegations he has made against DeMarco.

As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y. 2007).

Given that DeMarco is the Suffolk County Sheriff, it appears that Plaintiff seeks to hold DeMarco liable solely due to his supervisory position. However, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. See Rivera, 655 F. Supp. 2d at 237. A supervisor cannot be liable for damages under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual

allegations sufficient to demonstrate any personal involvement by Defendant DeMarco, much less any facts from which the Court could liberally construe that Defendant DeMarco was responsible for the deprivation of Plaintiff's constitutional rights. Accordingly, the Section 1983 claim asserted against DeMarco is not plausible and is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### C.  Claims Against Detective King

Plaintiff's Section 1983 claims against Det. King shall proceed.  Accordingly, the Court orders the issuance of a Summons and service of the Summons and Amended Complaint upon Det. King by the United States Marshal Service.

### CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2) as against Suffolk County and DeMarco.

Upon review of the Amended Complaint, the Court declines to find Plaintiff's claims for relief against Det. King implausible.  See 28 U.S.C. § 1915(e)(2)(B).  Accordingly, the Clerk of the Court is directed to issue a Summons for Det. King and to forward copies of the Summons and the Amended Complaint to the United States Marshal Service for service upon him.  See 28 U.S.C. § 1915(d).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  24 , 2013
       Central Islip, New York